See also the preceding case.


# Tredway, Appellant, *v.* Kennedy.

*Affidavit of defence—Suit for counsel fees.*

In an action to recover counsel fees, a refusal of judgment for want of a sufficient affidavit of defence will not be reversed where defendant avers that she never employed plaintiff, and only knew him as an assistant to counsel in the cases referred to in plaintiff's statement.

Argued Nov. 9, 1892.   Appeal, No. 281, Oct. T., 1892, by plaintiff, W. T. Tredway, from order of C. P. No. 2, Allegheny

Co., Jan. T., 1892, No 145, refusing to enter judgment for want of a sufficient affidavit of defence against defendant, Fanny K. Kennedy. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit for professional services as attorney at law.

Defendant in her affidavit of defence averred that " she never employed W. T. Tredway as her attorney, that all she knew of him was as an assistant to J. M. Garison, who succeeded W. W. Wier as counsel or attorney in the cases referred to in plaintiff's affidavit of claim. She hereby expressly denies each item of charge set forth in his affidavit of claim. She is informed that it is not necessary to explain the outrageous character of the charges made. She says that she never employed plaintiff, and therefore owes him nothing. The items of charge. therefore are false and unjust, and even if he had been employed as the attorney of defendant, the charges and items therein stated are largely overcharged, and in many items manufactured for the purpose of making a bill."

The court, WHITE, J., discharged a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was refusing judgment, as above.

*N. W. Shafer, Wm. A. Stone* with him, for appellant, cited, Chain v. Hart, 140 Pa. 374; Class v. Kingsley, 142 Pa. 636.

*Thomas M. Marshall,* for appellee, not heard.—The affidavit in Chain v. Hart was more of confession and avoidance, and justly liable to the charge of evasion and self-contradiction.

PER CURIAM, January 3, 1893:

The only error assigned is that the court below refused to enter judgment for the plaintiff for want of a sufficient affidavit of defence.

It is only in a very clear case that we will reverse the court below for such refusal, as the effect of it is to send the parties to a jury to determine their rights. The advantage of bringing this class of cases here is more than counterbalanced by the additional expense and delay which it involves.

While the defendant's affidavit is not as full and particular as it might have been, we think it sufficient to prevent judg-ment. The plaintiff's claim is for services as an attorney at

law. The defendant expressly denies each item of charge set forth in his affidavit of claim. She says that she never employed the plaintiff, and therefore owes him nothing. A jury will have to settle these questions of fact.

Affirmed.